UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KELORA SYSTEMS, LLC,

    Plaintiff,

v.       Case No.: 10-CV-683

TARGET CORPORATION et al.,

    Defendants.

**DEFENDANTS PC CONNECTION AND BRIGGS & STRATTON'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants PC Connection, Inc. and Briggs & Stratton Corporation (together, "Movants"), through their undersigned counsel, respectfully move this Court to dismiss the Amended Complaint of Kelora Systems, LLC ("Kelora") for failure to state a claim upon which relief can be granted.

**INTRODUCTION**

Kelora's Amended Complaint fails to identify with any particularity: (a) what products or services of Movants allegedly infringe the patent-in-suit, or (b) how any such products allegedly to infringe. Instead, the Amended Complaint makes one hopelessly vague infringement allegation that it applies to *all twenty* named Defendants. This uninformative, blanket allegation fails to allege *any* fact specific to *any* Defendants' business or products.

As such, Kelora's claims fail to meet the pleading requirements of the Federal Rules. Rule 8 requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Under the recent holdings of the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), Kelora must do more than

simply state that the law has been violated—it must plead sufficient facts to show that it has a plausible claim for relief.  That has not happened here.

Kelora is not entitled to waste Court and party resources with a scattershot complaint against multiple Defendants that fails to give any indication as to which products or services Kelora contends are infringing or provide the factual basis for such a claims.  Kelora's Amended Complaint is so devoid of any facts to support its infringement contentions that it is impossible for Movants to reasonably prepare a defense.

At the very minimum, Kelora must identify with particularity the products or services of each Movant that are accused of infringement and the factual basis for any claim that such products and services allegedly infringe the patents-in-suit.  Because Kelora has failed to provide even the most basic information, its complaint should be dismissed.

## FACTUAL BACKGROUND

On November 23, 2010, Kelora filed its Amended Complaint, alleging infringement of U.S. Patent No. 6,275,821 ("the '821 patent").  (D.I. 10.)

The entirety of Kelora's allegations of infringement by the *twenty* separate defendants are contained in paragraph 28, which states that "Defendants, and each of them, have infringed and continue to infringe the '821 patent by, inter alia, making and using parametric search systems, including web-based parametric search systems, and performing parametric searches that infringe the '821 patent."  (D.I. 10, ¶ 8.)

This allegation provides no clue as to the accused products or services, or the factual basis for the claims of infringement.  "Parametric search" is a term taken from the '821 patent; it is not one that is commonly applied to any known activity of the Movants.

In fact, it is entirely unclear from this single, vague allegation whether Kelora is accusing Movants of infringement by virtue of software or a website they created or own, or whether the

2

alleged infringement arises from Movants' use of a website created or maintained by some unknown third party.

Kelora's use of the exact same (and completely generic) basis for infringement for all twenty defendants cannot possibly satisfy the pleadings standard enunciated by *Iqbal* and *Twombly*. The allegations do not even try to identify which products and/or services offered by Movants are alleged to infringe and, similarly, do not even try to specify how Movants could have infringed any of the claims of the '821 patent.

## AUTHORITY AND ARGUMENT

### A.  Legal Standards

Under Rule 12(b)(6), the Court may dismiss a complaint if it fails to "state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). The Supreme Court in *Twombly* held that the often "questioned, criticized, and explained away" language from its prior decision in *Conley v. Gibson*, 255 U.S. 41 (1957), that motions to dismiss under Rule 12(b)(6) should only be granted if there are "no set of facts" that could be proven to support relief, "has earned its retirement" after "puzzling the profession for 50 years." *Twombly*, 550 U.S. at 561-63.

Instead, the Court made clear that Rule 8 requires that a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Court explained that, without requiring at least facial plausibility, "claim[s] would survive a motion to dismiss whenever the pleadings left open the *possibility* that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery," and that such a minimal pleadings standard would render meaningless a court's "power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Id.* at 561 (emphasis added) and 558 (quoting *Associated Gen. Contractors of Cal., Inc. v. California State Council of Carpenters*, 459 U.S. 519, 528 n.17 (1983)).

3

In *Iqbal*, the Supreme Court clarified that the *Twombly* plausibility pleadings standard applies to "all civil actions." *Iqbal*, 129 S. Ct. at 1953. The Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 555, 557). In short, according to the Supreme Court, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 1950.

As explained below, courts applying *Iqbal* and *Twombly* in patent infringement cases have held that complaints, such as Kelora's, that merely state conclusory allegations of infringement without identifying the products or services accused of infringement and the factual basis for the infringement should be dismissed pursuant to Rule 12(b)(6).

### B.  Kelora's Complaint Fails to State a Claim for Infringement

Kelora's Amended Complaint fails to state a claim for infringement under the Supreme Court's threshold requirements because its allegations are so bereft of factual content that the Court cannot draw any inferences, let alone reasonable ones, that Movants infringe.

By failing to identify with specificity the products or services that allegedly infringe the patents-in-suit and how they do so, the Amended Complaint offers no more than "unadorned, the-defendant-unlawfully-harmed-me" allegations that fall far short of the *Iqbal* standard. *Iqbal*, 129 S. Ct. at 1950.

Kelora's Amended Complaint fails to meet the pleading standards of *Iqbal* and *Twombly* because it fails to identify the accused products or services. *See, e.g.*, *California Inst. of Computer Assisted Surgery, Inc. v. Med-Surgical Servs., Inc.*, No. 10-cv-02042, 2010 WL

3063132, at *2 (N.D. Cal. Aug. 3, 2010) (granting motion to dismiss infringement allegations because the plaintiff "fails to allege with any specificity what [the allegedly infringing product] is"); *LG Elecs.*, 2010 WL 889541, at *6 (requiring "an allegation that certain named and specifically identified products or product components also do what the patent does"); *Bender v. Motorola, Inc.*, No. 09-cv-1245, 2010 WL 726739, at *3 (N.D. Cal. Feb. 26, 2010) (dismissing plaintiff's infringement allegations because "[n]owhere in the Amended Complaint does Plaintiff identify, with the requisite level of factual detail, the particular product of line of products that allegedly infringe").

In fact, by failing to identify a single allegedly infringing product with particularity, Kelora does not even meet the minimal requirements of Form 18 of the Federal Rules of Civil Procedure.  See, e.g., *Enlink Geoenergy Servs., Inc. v. Jackson & Sons Drilling & Pump, Inc.*, No. 09-cv-03524, 2010 WL 1221861, at *2 (N.D. Cal. Mar. 24, 2010) (explaining that "Form 18 requires a plaintiff to identify the device or method that is accused of infringement").

In addition, the Rules require that Kelora specify not only the products or services that allegedly infringe, but also how those products or services meet the claim limitations of the patents-in-suit.  See, e.g., *California Inst. of Computer Assisted Surgery,* 2010 WL 3063132, at *2 (granting motion to dismiss infringement allegations because the plaintiff "fails to allege with any specificity . . . how [the accused product] infringes upon any of its four patents"); *Bender v. LG Elecs. U.S.A., Inc.*, No. 09-cv-02114, 2010 WL 889541, at *3 (N.D. Cal. Mar. 11, 2010) (dismissing infringement complaint for only "alleg[ing] conclusorily the means by which Defendants are infringing").  Kelora's combined infringement allegation makes no effort to provide any facts that might establish *how* the Movants—or any of the other eighteen separate defendants—are allegedly infringing.

Of course, Kelora must be able to identify the specific products and services and the mechanism of the alleged infringement because its Rule 11 pre-filing obligations would have required it to "apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted." *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000). As this analysis must have been performed, there is no reason why the complaint should not include the required level of detail.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Kelora's Complaint against Movants because Kelora's Complaint fails to meet the pleading standards of Rule 8 of the Federal Rules of Civil Procedure as clarified by the Supreme Court in *Iqbal* and *Twombly*.

Dated this 4th day of January, 2011.

/s/Allen A. Arntsen
Allen A. Arntsen  (aarntsen@foley.com)
FOLEY & LARDNER LLP
150 East Gilman Street
Madison, WI 53703-2808
Tel: (608) 257-5035
Fax: (608) 258-4258

Matthew B. Lowrie (mlowrie@foley.com)
Aaron W. Moore (amoore@foley.com)
FOLEY & LARDNER LLP
111 Huntington Avenue
Suite 2600
Boston, MA 02199-7610
Tel: (617) 342-4000
Fax: (617) 342-4001

*Attorneys for defendants Briggs & Stratton, Inc. and PC Connection, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 4, 2011, I electronically filed Defendants PC Connection and Briggs & Stratton's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted Pursuant to Fed. R. Civ. P. 12(b)(6) with the Clerk of Court using the CM/ECF System which will send notification of such filing to all counsel of record in Case No. 10-CV-683.

/s/Allen A. Arntsen
Allen A. Arntsen  (aarntsen@foley.com)
FOLEY & LARDNER LLP
150 East Gilman Street
Madison, WI 53703-2808
Tel: (608) 257-5035
Fax: (608) 258-4258

Matthew B. Lowrie (mlowrie@foley.com)
Aaron W. Moore (amoore@foley.com)
FOLEY & LARDNER LLP
111 Huntington Avenue
Suite 2600
Boston, MA 02199-7610
Tel: (617) 342-4000
Fax: (617) 342-4001

*Attorneys for defendants Briggs & Stratton, Inc. and PC Connection, Inc.*