IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| KELORA SYSTEMS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:10-cv-683 |
| TARGET CORPORATION, et al., | § § § | |
| Defendants. | § § § | |

**DEFENDANTS SHOPKO STORES OPERATING CO., LLC'S
AND NATIONAL BUSINESS FURNITURE, LLC'S
BRIEF IN SUPPORT OF ITS MOTION TO DIMISS AND
IN THE ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT**

Plaintiff Kelora Systems, LLC's ("Plaintiff") patent infringement pleading is ambiguous, conclusory and fails to state a claim upon which relief can be granted. Despite having already amended it complaint, Plaintiff fails to sufficiently identify how Shopko Stores Operating Co., LLC ("Shopko") and National Business Furniture, LLC ("NBF") allegedly infringe U.S. Patent No. 6,275,821 ("the '821 Patent"); Plaintiff fails to specify either the asserted claims of the '821 Patent or the accused products or conduct. Shopko and NBF cannot reasonably prepare a response to the vague allegation of infringement in the current complaint. In contrast, assuming Plaintiff has conducted a proper pre-suit investigation, it will not be prejudiced by an order for it to name the products it concluded allegedly infringe the patent and the specific claims allegedly infringed. Accordingly, the Court should dismiss Plaintiff's claims of patent infringement against Shopko and NBF; in the alternative, Shopko and NBF respectfully request this Court order Plaintiff to file a more definite statement of its claims, in which Plaintiff: (a) identifies the specific asserted claims of the '821 Patent, (b) identifies, on a claim by claim basis, the specific

-1-

accused products or conduct that allegedly infringe each of those claims, and (c) pleads the necessary elements of indirect and willful infringement, to the extent asserting either.

## I. STATEMENT OF FACTS

Plaintiff filed its Original Complaint for Patent Infringement (Dkt. # 1) on November 8, 2010 against thirteen (13) defendants, including Shopko and NBF, broadly alleging infringement of the '821 Patent. On November 23, 2010, Plaintiff filed its First Amended Complaint for Patent Infringement (Dkt. # 10), adding seven (7) more defendants, but not amending the substance of its pleading.

The '821 Patent is entitled "method and system for executing a guided parametric search." In alleging infringement of this patent, Plaintiff made only one broad allegation as to all twenty (20) Defendants: "Defendants, and each of them, have infringed and continue to infringe the '821 patent by, inter alia, making and using parametric search systems, including web-based parametric search systems, and performing parametric searches that infringe the '821 patent." (Dkt. # 10, para. 28). In contravention of this Court's longstanding precedent, Plaintiff has neither identified the asserted claims, nor the accused products or conduct. Indeed, Plaintiff provided no additional basis for its claims of patent infringement against Shopko and NBF.

## II. ARGUMENT

### A. The Court Should Dismiss Plaintiff's Claims Against Shopko and NBF Because Plaintiff Fails to State a Claim Upon Which Relief can be Granted.

A party may move for dismissal of an action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure "for failure to state a claim upon which relief can be granted." Despite the liberal pleading standard of Rule 8(a)(2), dismissal is appropriate "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 558 (2007).

As the Supreme Court explained in *Twombly*, a complaint must include factual allegations, not just mere conclusions:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegation, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. at 555 (internal citations and footnote omitted); *see also Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (a pleading must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). As this Court has recently held, a plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Genetic Techs. Ltd. v. Interleukin Genetics, Inc.*, No. 10-cv-69-bbc, 2010 WL 3362344, at *2 (W.D. Wis. Aug. 24, 2010) (quoting *Swanson v. Citibank*, 614 F.3d 400, 403 (7th Cir. 2010)).

A complaint lacking "enough facts to state a claim to relief that is plausible on its face" cannot meet the "showing" required by Rule 8(a)(2). *See Twombly*, 550 U.S. at 570 & 556 n.3; *Iqbal*, --- U.S. at ---, 129 S. Ct. at 1950 ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'") (quoting Fed. R. Civ. P. 8(a)(2)). In the context of claims of patent infringement, such claims have been dismissed for failing to meet Rule 8(a)(2) where the factual allegations were insufficient to provide adequate notice. *See, e.g., Interval Licensing LLC v. AOL, Inc.*, No. C10-1385, 2010 WL 5058620 (W.D. Wash. Dec. 10,

-3-

2010); *Ondeo Nalco Co. v. EKA Chems., Inc.*, No. 01-cv-537, 2002 WL 1458853 (D. Del. June 10, 2002); *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948 (S.D. Cal. 1996).

Plaintiff has failed to meet the pleading requirements of Rule 8(a)(2) because it: (a) has not provided any identification of which products or conduct of Shopko and NBF allegedly infringe, (b) confusingly combined its infringement allegations as to all twenty defendants in one sentence, (c) failed to identify any direct infringement or the requisite intent to the extent it is actually alleging indirect infringement, and (d) failed to identify the requisite intent to the extent it is actually alleging willful infringement.

*First*, Plaintiff's vague (and unlimited) description of the alleged infringement as "making and using parametric search systems, including web-based parametric search systems, and performing parametric searches that infringe the '821 patent" fails to provide Shopko or NBF with any indication of what products or conduct are at issue. In *Ondeo*, the patentee made vague allegations of infringement by the alleged infringer's products, naming only one product, but refusing to limit its claims to that product. 2002 WL 1458853, at *1. The court dismissed the pleadings because they were "too vague to provide . . . fair notice of which products are accused of infringing [patentee's] patents." *Id.*; *see also Interval Licensing*, 2010 WL 5058620, at *3 ("Plaintiff's complaint does not satisfy Rule 8 or Form 18 because Plaintiff failed to identify the infringing products or devices with any specificity."). Similarly, Plaintiff's vague description cannot be considered to provide sufficient notice if only because Plaintiff provides it as merely an example.

*Second*, Plaintiff's single claim of infringement is even more confused because it is alleged against all twenty defendants; it is unclear how each individual defendant has allegedly infringed the '821 Patent. In *Gen-Probe*, the court held that, "[e]ven were there no other

deficiencies, this confusion of which claims apply to which defendants would require that the complaint be dismissed . . . ."  926 F. Supp. at 961.

*Third*, to the extent Plaintiff is actually alleging indirect infringement, it failed to show either direct infringement upon which the allegation is based or the necessary knowledge and intent.  Plaintiff's claim alleges only that "Defendants . . . have infringed and continue to infringe," but Plaintiff seeks an injunction to prevent Defendants from "otherwise infringing or contributing to or inducing infringement of any claim of the '821 patent."  (Dkt. # 10, para. 28 & A).  If Plaintiff is asserting a claim of indirect infringement, Plaintiff must first show the underlying direct infringement, which it has failed to do.  *Cf. Dynacore Holdings Corp. v. U.S. Phillips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) (holding that "[i]ndirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement").  Moreover, a claim for induced infringement requires *knowing* inducement of the infringement and a *specific intent* to encourage such infringement.  *ACCO Brands, Inc. v. ABA Locks Mfg. Co.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007).  Similarly, a claim for contributory infringement requires a showing that the defendant specially made its components for a combination that it *knew* was both patented and infringing.  *Golden Blount, Inc. v. Robert H. Peterson Co.*, 365 F.3d 1054, 1061 (Fed. Cir. 2004).

*Finally*, to the extent Plaintiff is actually alleging Shopko and NBF willfully infringed the '821 Patent, Plaintiff has failed to plead the necessary intent.  Plaintiff fails to plead that any infringement on behalf of Shopko or NBF was willful, or that they even had notice of the '821 Patent.  Yet, Plaintiff requests enhanced damages for "the willful and wanton nature of Defendants' infringement of the '821 patent."  (Dkt. # 10, para. G).  As the Federal Circuit has held, "when a complaint if filed, a patentee must have a good faith basis for alleging willful

infringement." *In re Seagate Techs.*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (en banc). Moreover, to the extent Plaintiff intends to assert either Claim 1 or Claim 2 of the '821 Patent, both were amended in a reexamination from which a certificate issued just days before Plaintiff filed its complaint. *Cf. id.* ("a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct.").

Given the deficiencies in Plaintiff's First Amended Complaint for Patent Infringement, the allegations, even if true, do not show Plaintiff is entitled to relief. Accordingly, Shopko and NBF respectfully request Plaintiff's First Amended Complaint for Patent Infringement be dismissed for failure to state a claim upon which relief can be granted.

### B. Alternatively, the Court Should Order Plaintiff to Provide a More Definite Statement Regarding Plaintiff's Claims Against Shopko and NBF.

Should the Court find Plaintiff's First Amended Complaint for Patent Infringement contains factual allegations that, if true, could raise a claim of entitlement to relief, Shopko and NBF respectfully request the Court order Plaintiff to provide a more definite statement of its infringement claims so that Shopko and NBF may develop responses without resorting to guessing at Plaintiff's intentions.

Where a complaint is "so vague or ambiguous that the [defendant] cannot reasonably prepare a response," a motion for a more definite statement is appropriate because "[a]lthough pleading standards under Fed. R. Civ. P. 8 are liberal, a plaintiff must provide notice of its claim so that the other side may prepare a defense." *Ricoh Co., Ltd. v. Asustek Computer, Inc.*, 481 F. Supp. 2d 954, 959 (W.D. Wis. 2007); *see also* Fed. R. Civ. P. 12(e); *Agilent Techs., Inc. v. Micromuse, Inc.*, No. 04-cv-3090, 2004 WL 2346152, at *4 (S.D.N.Y. Oct. 19, 2004) ("Where . . . a pleading . . . does not contain sufficient information to allow a responsive pleading to be framed without risk of prejudice, the proper remedy is a motion for a more definite statement

under Rule 12(e)."). The Court has the discretion both to grant such a motion and to decide the level of specificity required in the amended pleading. *See Bay Indus., Inc. v. Tru-Arx Mfg., LLC*, No. 06-C-1010, 2006 WL 3469599, at *1 (E.D. Wis. Nov. 29, 2006).

In patent cases, a patentee alleging infringement has the burden of proof and must identify the asserted claims in the patent being infringed and the allegedly infringing products with sufficient specificity to avoid undue prejudice to the defendant. *See Taurus IP, LLC v. Ford Motor Co.*, 539 F. Supp. 2d 1122, 1127 (W.D. Wis. 2008); *Bay Indus.*, 2006 WL 3469599, at *2 (citing *Ultra-Tex Surfaces, Inc. v. Hill Bros. Chem. Co.*, 204 F.3d 1360, 1364 (Fed. Cir. 2000)). Plaintiff has failed on both counts: Plaintiff has not asserted any specific claims of the '821 Patent that Shopko and NBF allegedly infringe and has provided no more than a vague description of what products and/or conduct may be the source of that alleged infringement. As discussed above, Plaintiff has also failed to sufficiently plead the necessary elements of any indirect or willful infringement allegations it is attempting to assert.

Plaintiff fails to specify a single claim in the '821 Patent that it is asserting against Shopko and NBF. Such ambiguity places an unacceptable burden on Shopko, NBF and their counsel. As this Court previously held, "if a defendant does not have notice of the asserted claims, it has no notice at all. If it does not know what it is accused of infringing, it cannot possibly prepare a defense." *Extreme Networks, Inc. v. Enterasys Networks, Inc.*, No. 07-cv-229, 2007 WL 5448209, at *2 (W.D. Wis. 2007). Defendants accused of infringing a patent without notice of the asserted patent claims are unduly prejudiced in attempting to formulate a response:

> At the very least, a plaintiff's failure to specify which claims it believes are infringed by a defendant's products places an undue burden on the defendant, who must wade through all the claims in a patent and determine which claims might apply to its products to give a complete response. A plaintiff's failure to specify patent claims hinders the defendant's ability to prepare a defense.

-7-

*Taurus IP*, 539 F. Supp. 2d at 1127.

Nor has Plaintiff identified a single product or source of infringement, instead attempting to pass that responsibility off to Defendants. *See Static Control Components, Inc. v. Future Graphics, LLC*, No. 07-cv-00007, 2008 WL 160827, at * 1 (M.D.N.C. Jan. 15, 2008) ("In patent infringement cases, courts have considered Rule 12(e) relief appropriate . . . where a plaintiff has failed to identify any allegedly infringing product or products.") (internal quotations removed). Shopko and NBF would each be unduly prejudiced by attempting to formulate a response to such vague allegations. *See Bay Indus.*, 2006 WL 3469599, at *2 ("Defendant should not have to guess which of its products infringe nor guess how its products might fall within plaintiff's interpretation of the claims of the patent."); *eSoft, Inc. v. Astaro Corp.*, No. 06-cv-441, 2006 WL 2164454, at *2 (D. Colo. July 31, 2006) ("Plaintiff cannot foist the burden of discerning what products it believes infringe the patent onto defense counsel, regardless of their skill and expertise."). It is not even clear from Plaintiff's allegation of infringement -- "Defendants . . . have infringed and continue to infringe the '821 patent by, inter alia, making and using parametric search systems, including web-based parametric search systems, and performing parametric searches that infringe the '821 patent" -- whether Plaintiff is alleging infringement by Shopko's and NBF's products, conduct, or both. This lack of clarity is aggravated by the fact that Plaintiff has accused all twenty defendants of infringement using this one vague statement.

Plaintiff's failure to assert a single specific claim allegedly infringed by Shopko or NBF is prejudicial by itself. However, the fact that a reexamination certificate issued just six days before Plaintiff filed its Original Complaint for Patent Infringement exacerbates that prejudice because claims were both amended and added during reexamination. (*See* Dkt. # 10, Exh. B). Where claims resulting from reexamination are new or substantially different from the original

claims, intervening rights foreclose liability for any alleged infringement prior to the date of the reexamination certificate. 35 U.S.C. §§ 252 & 307(b). Accordingly, whether Plaintiff is asserting claims resulting from the reexamination alters the time frame for Shopko and NBF to consider when investigating the allegations and preparing their defenses.

Finally, Plaintiff would not be prejudiced by an order to provide a more definite statement. An attorney filing a Complaint for patent infringement in federal court necessarily represents that a reasonable inquiry has been made to insure the allegations have evidentiary support. Fed. R. Civ. P. 11(b)(3); *see also Bay Indus.*, 2006 WL 3469599, at *2 ("If a plaintiff cannot describe with some specificity the product he claims infringes his patent, there is reason to question whether such a certification is true."). Accordingly, a patentee who has conducted a proper pre-suit investigation should have no problem identifying both the patent claims it is asserting and the products it believes infringe those claims, or at the very least, the specific characteristics of such allegedly infringing products.

### III.  CONCLUSION

Based on the foregoing, Shopko and NBF respectfully request the Court dismiss Plaintiff's First Amended Complaint for Patent Infringement. In the alternative, Shopko and NBF request the Court order Plaintiff to amend its pleading to: (a) specify the asserted claims of the '821 Patent, (b) on a claim by claim basis, identify the specific accused products and/or conduct that Plaintiff contends infringe each of those claims, and (c) pleads the necessary elements of indirect and willful infringement, to the extent asserting either.

Dated this 14th day of January, 2011.

*/s/ Martha Jahn Snyder*
Anthony A. Tomaselli
aat@quarles.com
Kristin Graham Noel
kgn@quarles.com
Martha Jahn Snyder
martha.snyder@quarles.com
QUARLES & BRADY LLP
33 East Main Street, Suite 900
P.O. Box 2113
Madison, WI 53701-2113
Tel: (608) 251-5000
Fax: (608) 251-9166

*Attorneys for Defendants*
*National Business Furniture, LLC and*
*Shopko Stores Operating Co., LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2011, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to all counsel of record.

Dated this 14th day of January 2011.

*/s/ Martha Jahn Snyder*
Martha Jahn Snyder