# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN
### (MADISON)

| | | |
|---|---|---|
| KELORA SYSTEMS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 3:10-cv-00683-SLC |
| TARGET CORPORATION, ET AL., | § § | |
| Defendants. | § § § | |

**REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(B)(6) MADE BY DEFENDANTS TARGET CORPORATION, OFFICEMAX INCORPORATED, ROCKLER COMPANIES, INC., 1-800-FLOWERS.COM, INC., AMAZON.COM, INC., OFFICE DEPOT, INC., NEWEGG INC., COSTCO WHOLESALE CORPORATION, AND CIRCUITYCITY.COM**

In its Opposition, Kelora Systems, Inc. ("Kelora") does not deny that its Amended Complaint fails to identify any actual infringing process.  Nor does Kelora deny that its Amended Complaint fails to plead any pre-suit knowledge of the patent, a prerequisite to willful infringement.  Rather, Kelora argues that "Kelora's Complaint satisfies the minimal notice pleading standards of Form 18: it contains an allegation of jurisdiction, asserts that Kelora owns the patent-in-suit, states that the B&S Defendants have been infringing the patents-in-suit, and demands damages and injunctive relief.  Nothing more is required." Kelora Opp. at 5.  Kelora's argument is wrong on both counts – more is required and as shown below its Amended Complaint fails to even satisfy Form 18.  Moreover, Kelora fails to distinguish the facts of this case from decisions of this Court granting similar motions to dismiss.  Kelora's position is without merit, and the Defendants' Motion to Dismiss should be granted.

95004265.2

# I.    KELORA'S AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR DIRECT INFRINGEMENT

Kelora cannot deny that its Amended Complaint fails to name any accused process. Rather, Kelora argues that (1) the Federal Circuit, in *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed Cir. 2007), held that Form 18 in the Appendices to the Federal Rules "provided the best guide for determining the pleading sufficiency of a claim for patent infringement" and (2) Form 18 does not requiring naming products.  Kelora Opp. at 4-5.  Neither proposition is supported by the case law.  Further, Kelora falls short in its attempt to distinguish decisions of this Court, both before and after *McZeal,* concluding that a patent complaint must name products or process to meet Rule 8's pleading requirements.

## A.    Kelora overstates the Federal Circuit's holding in *McZeal.*

The only mention of Form 18 (then Form 16) in the majority opinion in *McZeal* is as part of a string citation directed to the proposition that "a plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent."  *See McZeal*, 501 F.3d at 1357.  In fact, the plaintiff in *McZeal* specifically identified the accused infringing product by model number —the "Motorola i930 'INTERNATIONAL WALKIE TALKIE.'"  *Id.* at 1357.  Thus, the court had no need to reach – and did not reach – the question of whether a complaint that failed to identify any accused products would have been sufficient.[1]  *See also Adaptor, Inc. v. Sealing Sys., Inc.*, No. 09-cv-1070, slip op. at 4 (E.D. Wisc. Dec. 29, 2010) (citing *McZeal* and concluding "[t]he Federal Circuit has explained that one of the allegations required to sufficiently plead direct infringement is the means by which infringement occurred, most likely naming the allegedly infringing product or method.").

---

[1] Moreover, the court was addressing the pleading sufficiency of a pro se complaint, which the court explained was a "low bar." *McZeal*, 501 F.3d at 1358.  Additionally, the court in *McZeal* was analyzing Rule 8 under Fifth Circuit, not Seventh Circuit, case law.  *Id.* at 1356.  Neither analysis is relevant to the issues currently before this Court.

Even if mere compliance with Form 18 was sufficient to meet the Rule 8 pleading standard, compliance with Form 18 requires identification of the accused products or processes. For example, in *Interval Licensing, LLC v. AOL, Inc.*, the plaintiff accused the defendants of infringing its patents "by making and using websites, hardware, and software to categorize, compare, and display segments of a body of information as claimed in the patent," an allegation quite similar to Kelora's recitation of infringement through "web-based parametric search systems." No. C10-1385, slip op. at 2 (W.D. Wash. December 10, 2010). Like Kelora's Amended Complaint, Interval's allegations were deficient because Form 18 "requires some specificity as to defendant's product that purportedly infringes the patent," and Interval's complaint failed to "satisfy Rule 8 or Form 18 because Plaintiff has failed to identify the infringing products or devices with any specificity." *Id.* at 3-5. Accordingly, Kelora should likewise be required to "set forth the specific websites that are at issue and identify the hardware and software with adequate detail for Defendants to know what portions of their business operations are in play in this litigation." *Id.* at 6; *see also Bender v. Motorola, Inc.*, No. C 09-1245-SBA, 2010 WL 726739, at *3 (N.D. Cal. Feb. 26, 2010) (concluding that Form 18 "contemplates that the pleader identify the accused device with some semblance of specificity to alert the alleged infringer which device is at issue. It does not contemplate that the accused device or devices be described in terms of a multiplicity of generically-described product lines ....").

### B.   Kelora fails to distinguish this Court's prior decisions requiring identification of the accused product or process.

Kelora's arguments regarding this Court's prior decisions cannot be reconciled with the language or surrounding circumstances of the cases. First, Kelora argues *Ricoh Co., Ltd. v. Asustek Computer, Inc.*, 481 F. Supp. 2d 954 (W.D. Wis. 2007) is not relevant to this case

because the court was addressing personal jurisdiction, not a 12(b)(6) motion.  *See* Kelora Opp. at 5.  But nothing in the language of the court's decision indicates that the procedural posture of that case was relevant to this Court's plain statement:

> Although **pleading standards under Fed. R. Civ. 8** are liberal, a plaintiff must provide notice of its claim so that the other side may prepare a defense. In the context of alleged patent infringement, **this means at least that the plaintiff must tell the defendant which products allegedly infringe the plaintiff's patent.**

*Ricoh Co., Ltd.*, 481 F. Supp. 2d at 959 (emphasis added).  Moreover, Kelora  ignores that this Court subsequently quoted that same passage in a later case as "the requirements of notice pleading" as set forth in Rule 8.  *Extreme Networks, Inc. v. Enterasys Networks, Inc.*, 2007 U.S. Dist. LEXIS 95030, 4-5 (W.D. Wis. 2007).

Kelora argues that *Taurus IP, LLC v. Ford Motor Co.*, 539 F. Supp. 2d 1122 (W.D. Wis. 2008) is not relevant because "the claims at issue here are directed solely to methods, for which there is no accused 'product,' per se, that can be identified."  Kelora Opp. at 6.  In that case, this Court held that a complaint "listing some examples of allegedly infringing products and specifying the patent alleged to be infringed" failed to meet the notice requirements of Rule 8 because it failed to identify asserted claims and accused unlisted products.  *Taurus IP, LLC*, 539 F. Supp. 2d at 1126-27.   But, the "products" at issue in *Taurus IP* were websites allegedly infringing a "method for managing product knowledge."[2] *Taurus IP, LLC*, 539 F. Supp. 2d at 1124-25.  In fact, the *Taurus IP* complaint went far beyond the Complaint in this case by identifying some exemplary alleged infringing products and was still deemed to be inadequate under Rule 8.  If, as Kelora suggests in its Opposition, defendants' infringement is based on

---

[2] The patent in that case, U.S. Patent No. 6,141,658, includes two independent claims, one apparatus claim and one method claim directed to a "method for managing product knowledge."

"Defendants' respective shopping websites," Kelora should have identified the websites accused of infringement in its Amended Complaint.

After failing to distinguish this Court's precedents, Kelora argues that it is not obligated to list accused products because "a simple review of the '821 Patent and the application of common sense put all of the Defendants on notice of what they have to defend." Kelora Opp. at 7. Kelora cites to no case law in support of such a claim. *See id.*

Kelora's "common sense" argument is limited to "Defendants' respective shopping websites." *Id.* at 7-8. But Kelora's "factual allegations" lack such specificity. Indeed, Kelora pleads conclusions rather than ***facts*** demonstrating a plausible claim for relief: "Defendants … have infringed and continue to infringe the '821 patent by, inter alia, making and using parametric search systems, including web-based parametric search systems, and performing parametric searches that infringe the '821 patent." Amended Complaint at ¶ 28. Conclusions such as these are not sufficient to meet the notice pleading standard of Rule 8. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'") (quoting Rule 8(a)(2)).

## II.   KELORA'S AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR WILLFUL INFRINGEMENT

Once again, Kelora does not identify any facts pled in its Amended Complaint to support a claim for willful infringement, but instead makes two contradictory legal arguments as to why its complaint is sufficient. *See* Kelora Opp. at 9. First, Kelora argues that "matters asserted in a prayer for relief are not ordinarily subject to a Rule 12(b)(6) motion." *Id.* (citing *Bontkowski v.*

*Smith*, 305 F.3d 757, 762 (7th Cir. 2002)).[3]   Kelora then cites to a Connecticut district court case

holding that "[w]illful infringement is not a claim in and of itself."  *Id.* (citing *Veto Pro Pac, LLC*

*v. Customer Leathercraft*, 2009 WL 276369, *3 (D. Conn. 2009)).  To the extent Kelora relies on

the Connecticut district court decision as relieving Kelora of any obligation to affirmatively

plead willful infringement, such a position would be a minority view.  For example, the Federal

Circuit affirmed a denial of enhanced damages, holding that where a plaintiff had "failed to plead

a claim for willful infringement … it was barred from seeking enhanced damages based on

willful infringement."  *Revolution Eyewear v. Aspex Eyewear, Inc.*, 563 F.3d 1358, 1373 (Fed.

Cir. 2009); *see also Am. Med. Sys., Inc. v. Laser Peripherals, LLC*, 712 F. Supp. 2d 885 (D.

Minn. 2010) ("Nothing in AMS's Complaint gave LP 'fair notice' of a claim for willful

infringement…. Consequently, the Court grants LP's motion for summary judgment of no willful

infringement.").  Indeed, the three cases that Kelora cites a paragraph later all address, in the

context of a 12(b)(6) motion, the sufficiency of a plaintiff's willful infringement pleading under

Rule 8, dispelling any notion that Kelora is not obligated to plead – and properly plead – willful

infringement.  *See Advanced Analogic Technologies, Inc. v. Kinetic Technologies, Inc.*, 2009 WL

1974602, *2 (N.D. Cal 2009); *McKesson Automation, Inc. v. Swisslog Holding AG*, 2008 WL

4057306, *17 (D. Del. 2008); *Jardin v. Datallegro, Inc.*, 2009 WL 186194, *7 (S.D. Cal 2009).

    As to Kelora's accompanying argument that its willful infringement allegations should

not be subject to a Rule 12(b)(6) motion because they are in the prayer for relief, Kelora cannot

have it both ways.  As discussed above, a claim for relief – including a claim for willful

infringement – must be pled and supported by facts if Kelora wishes to use willful infringement

---

[3] In *Bontkowski*, the Seventh Circuit reversed dismissal of a pro se plaintiff's complaint, finding
an improper request for injunctive relief in his demand for judgment was not proper subject
matter for a Rule 12(b)(6) Motion because "the demand is not itself a part of the plaintiff's
claim."  *Id.*

as a basis for seeking enhanced damages.  *See Revolution Eyewear*, 563 F.3d at 1373; *Iqbal* .  It would be contrary to *Iqbal* if a plaintiff could satisfy the pleading requirement in a prayer for relief, and, at the same time, avoid the need to plead facts making the claim for relief plausible under the pleading standard of Rule 8.  *See Iqbal*, 129 S. Ct. at 1949.

If, as shown above,  (1) the prayer for relief "is not itself a part of the plaintiff's claim" (*Bontkowski*, 305 F.3d at 762) and (2) Kelora concedes that nothing in its Amended Complaint besides the prayer for relief even suggests a claim of willful infringement, then Kelora has effectively conceded that it has failed to  make a claim of willful infringement and, as such, should be "barred from seeking enhanced damages based on willful infringement."  *Revolution Eyewear*, 563 F.3d at 1373.

Kelora's substantive defense of its actual statement is a strawman argument.  Kelora cites three cases supporting the proposition that Kelora need not "plead an objectively high likelihood that the Defendant's actions constituted infringement of a valid patent."  Kelora Opp. at 9.  But Kelora is rebutting an argument never made by Defendants.  Indeed, rather than support its position, the cases that Kelora cites highlight the deficiencies in Kelora's pleading, including its failure to even allege knowledge of the asserted patent by the Defendants: "Plaintiff need only provide 'a pleading equivalent to with a knowledge of the patent and of his infringement." *Jardin*, 2009 WL 186194 at *7; *see also Advanced Analogic Technologies, Inc.*, 2009 WL 1974602 at *2 ("the complaint alleges KTI's willfulness is 'illustrated' by Jan Nilsson's [] 'knowledge of and involvement ... in the matters alleged'"); *McKesson Automation, Inc.*, 2008 WL 4057306 at *17 ("McKesson alleges that Swisslog had 'full knowledge' of McKesson's patents when it committed its infringing acts").  Because Kelora's Amended Complaint fails to

allege any facts indicating Defendants had knowledge of the asserted patent, its willful infringement pleading fails the notice pleading standard of Rule 8 for that reason alone.[4]

## III.   CONCLUSION

Kelora's Amended Complaint fails to identify any specific infringing product or service or any asserted claim for any Defendant.  Kelora has failed to meet the notice requirement of Rule 8 as interpreted by this Court and dismissal is warranted.  Furthermore, Kelora's Amended Complaint fails to address, let alone provide any factual support, for the additional elements of willful infringement.   Defendants therefore request that the Court dismiss Kelora's First Amended Complaint for failure to state a claim.

Respectfully submitted,

Date:  February 14, 2011

By  /s/ Dan D. Davison
    Dan D. Davison (Texas Bar No. 05590900)
    ddavison@fulbright.com
    Attorney-in-Charge
**FULBRIGHT & JAWORSKI L.L.P.**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Tel:   (214) 855-8000
Fax:  (214) 855-8200

    Richard S. Zembek (Texas Bar No. 00797726)
    rzembek@fulbright.com
    Daniel S. Leventhal (Texas Bar No. 24050923)
    dleventhal@fulbright.com
**FULBRIGHT & JAWORSKI L.L.P.**
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel:   (713) 651-5151
Fax:  (713) 651-5246

    Gilbert A. Greene (Texas Bar No. 24045976)

---

[4] The only mention of willful infringement in Kelora's Amended Complaint is in the prayer for relief stating: "Kelora demands judgment as follows: … That the Court award enhanced damages pursuant to 35 U.S.C. Section 284 due to the willful and wanton nature of Defendants' infringement of the '821 patent."

ggreene@fulbright.com
**FULBRIGHT & JAWORSKI L.L.P.**
600 Congress Avenue, Suite 2400
Austin, Texas 78701-2978
Tel:   (512) 474-5201
Fax:  (512) 536-4598


*ATTORNEYS FOR DEFENDANTS TARGET*
*CORPORATION, AMAZON.COM, INC., OFFICE*
*DEPOT, INC., COSTCO WHOLESALE*
*CORPORATION, AND HEWLETT-PACKARD*
*DEVELOPMENT COMPANY, L.P.*


By   s/ Brian G. Gilpin

James D. Peterson
jpeterson@gklaw.com
Jennifer L. Gregor
jgregor@gklaw.com
**GODFREY & KAHN, S.C.**
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701
Phone: (608) 257-3911
Fax: (608) 257-0609

Brian G. Gilpin
bgilpin@gklaw.com
**GODFREY & KAHN, S.C.**
780 North Water Street
Milwaukee, WI  53202-3590
Phone: (414)-273-3500
Fax:  (414)-273-5198


*ATTORNEYS FOR OFFICEMAX INC.*


By   s/ Brian G. Gilpin

James D. Peterson
jpeterson@gklaw.com
Jennifer L. Gregor
jgregor@gklaw.com
**GODFREY & KAHN, S.C.**
One East Main Street, Suite 500
P.O. Box 2719

Madison, WI 53701
Phone: (608) 257-3911
Fax: (608) 257-0609

    Brian G. Gilpin
    bgilpin@gklaw.com
**GODFREY & KAHN, S.C.**
780 North Water Street
Milwaukee, WI  53202-3590
Phone: (414)-273-3500
Fax:  (414)-273-5198

    David Joyal
    joyald@gtlaw.com
**GREENBERG TRAURIG, LLP**
200 Park Avenue
Florham Park, NJ  07932
Phone: (973)-360-7900
Fax:  (973)-301-8410

***ATTORNEYS FOR CIRCUITCITY.COM INC.***

By    s/ Brian G. Gilpin         

    James D. Peterson
    jpeterson@gklaw.com
    Jennifer L. Gregor
    jgregor@gklaw.com
**GODFREY & KAHN, S.C.**
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701
Phone: (608) 257-3911
Fax: (608) 257-0609

    Brian G. Gilpin
    bgilpin@gklaw.com
**GODFREY & KAHN, S.C.**
780 North Water Street
Milwaukee, WI  53202-3590
Phone: (414)-273-3500
Fax:  (414)-273-5198

    Kent E. Baldauf, Jr.
    kbaldaufjr@webblaw.com
    Daniel H. Brean

dbrean@webblaw.com
**WEBB LAW FIRM**
700 Koppers Building
436 Seventh Avenue
Pittsburgh, PA  15219
Phone: (412) 471-8815
Fax: (412) 471-4094

*ATTORNEYS FOR NEWEGG INC.*

By   /s/ Catherine E. Hart
       Vaibhav P. Kadaba
       wkadaba@kilpatricktownsend.com
       Catherine E. Hart
       chart@kilpatricktownsend.com
**KILPATRICK TOWNSEND & STOCKTON**
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309-4530
Tel:   (404) 815-6500
Fax:   (404) 815-6555

*ATTORNEYS FOR 1-800-FLOWERS.COM, INC.*

By:   /s/Niall A. MacLeod
**BARNES & THORNBURG LLP**
Niall A. MacLeod (#269281)
Aaron A. Myers (#0311959)
225 South Sixth Street, Suite 2800
Minneapolis, Minnesota 55402
(612) 333-2111

*Attorneys for Defendants Rockler Companies, Inc.*

## CERTIFICATE OF SERVICE

I certify that on February 14, 2011, the foregoing document was filed with the Clerk of Court using the CM/ECF system, causing it to be served on all counsel of record.

/s/ Daniel S. Leventhal
Daniel S. Leventhal